**Lidia Marlene VELASQUEZ–CIFUENTE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70145.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 26, 2013.

Hugo Florentino Larios, Hugo F. Larios Law, P.L.L.C, Tempe, AZ, for Petitioner.

Janette L. Allen, Esquire, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Lidia Marlene Velasquez–Cifuente, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her motion to reopen removal proceedings held in absentia. We have jurisdiction under 8

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The agency did not abuse its discretion in denying Velasquez–Cifuente's motion to reopen where she failed to establish lack of proper notice. *See* 8 U.S.C. § 1229a(b)(5)(A), (c)(ii); *cf. Dobrota v. INS,* 311 F.3d 1206, 1211 (9th Cir.2002) (agency "may generally satisfy notice requirements by mailing notice of the hearing to an alien . . ., *or,* if she is represented, to her attorney's address of record.").

The agency also did not abuse its discretion in denying Velasquez–Cifuente's motion to reopen based on ineffective assistance of counsel where she failed to comply with the threshold requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance was not "plain on the face of the administrative record." *See Castillo–Perez v. INS,* 212 F.3d 518, 525 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided